Mr. Justice James
delivered the opinion of the Court:
The declaration alleges that the plaintiff was injured by means of the negligence of the defendant in allowing the streets of Washington to remain in a dangerous condition, by reason of a deep opening in the roadway at the intersection of F street north and Seventh street west, made therein by the sufferance or express permission of the defendant, and in allowing the said opening to remain unguarded, or insufficiently guarded, and without placing, or causing to be placed sufficient lights or barricades at or near the said cavity.
The case stated shows that a company known as tlje Heat and Steam Power Company was, by permission of the defendant, laying pipes along Seventh street and F street, *565 filling up its trenches as the work proceeded; that a part of this excavation was still open at the corner of Seventh and P streets, and had been in that condition for about a week when the accident to the plaintiff happened; and that the plaintiff fell into this hole at about 6 o’clock in the evening of December 2, 1886, while crossing Seventh street, on her way home from her work, and was very seriously hurt; being unconscious when lifted out of the pit, and so remaining until after she had been carried to the Emergency Hospital.
The principal questions at the trial were, first, whether this dangerous place was left properly guarded and lighted when the Heat and Steam Power Company suspended work at bplf-past 5 o’clock, half an hour before the accident; and, second, if it was so left, whether it continued so protected at the time of the accident. On these questions there was a conflict of testimony; but the jury found a verdict in favor of the plaintiff. The defendant filed a motion for a new trial in the Circuit Court, on the ground, among others, that the verdict was against the weight of the evidence. The motion was heard there, and the cause now comes here on appeal from the decision of that court refusing a new trial.
It would serve no useful purpose to review the evidence set out in the somewhat voluminous case stated. We have carefully considered it, and think it is sufficient to say that we are satisfied that the verdict is in accordance with the weight of the evidence and that the damages awarded were not excessive.
The appeal was also on a bill of exceptions; and this requires an examination of the instructions to the jury, on which the verdict was founded.
The defendant presented twelve prayers, of which the first five, and the ninth, tenth, and eleventh were refused. At the argument, however, the refusal of the tenth was the only ground of exception on which he insisted. In order to consider the question thus raised it is necessary to refer to two *566 of the defendant’s prayers which were granted, namely, the sixth and the eighth. The sixth was as follows:
“ The jury is instructed that the defendant is not required to keep the streets in the city of Washington in such condition as to secure absolute immunity from danger to persons using them, but only to see that they are reasonably safe for the use of persons exercising ordinary care and prudence; and if the jury find from the evidence that the opening in the street, in which the plaintiff fell was so protected as to be reasonably safe for the passage of pedestrians while exercising ordinary care and prudence, then the defendant is not liable in this action.”
This instruction meant, of course, “ so protected, at the moment of the plaintiff’s fall, as to be reasonably safe for the passage of pedestrians. The eighth prayer of the defendant, which was granted, was as follows:
“If the jury find from the evidence that, prior to the happening of the accident complained of in the declaration, the opening described in the declaration was guarded by barricades, earth, stones, and light, sufficiently to protect pedestrians or other persons using the street from danger by falling therein, while in the exercise of ordinary care, and that such protection was rendered insufficient by removal, by an unforseen accident, or the act of some person not acting in the employment of the defendant, or of the Washington Heat and Power Company, that could not be reasonably anticipated, of any portion of said barricade, earth, or stones —then the jury, in order to find the defendant liable in this action, must find, first, that the defendant had actual knowledge of such removal, and did not replace or remedy the same, or, secondly, that the removal had been made and the insufficiency of the protection had remained for so long a time prior to the accident that the defendant is chargeable with constructive notice thereof in time to have remedied the same.”
It is to be°observed that, in this prayer, the defendant *567 recognized the principle that there might be removals which could be reasonably anticipated or feared, and against which, therefore, it was for the defendant to provide; and it further concedes that, as to such removals, the question of notice that the protections had actually been removed, was inapplicable and immaterial. It is also to be observed that this instruction left the jury to determine whether the lapse of time between the supposed removal of the protections and the happening of the accident, as shown by the evidence, was such as to bring home to the defendant constructive notice. The meaning of the tenth prayer, which was refused, can now be better considered in the light of these two, which were granted. It was as follows :
“ The jury is instructed that the plaintiff is not entitled to recover in this action, unless the jury find from the evidence, first, that the guárds about the excavation mentioned in the declaration were not, at the time of the accident complained of, such as were required at the hands of the defendant, according to the rule of reasonable care as defined by defendant’s instruction No. 6 ; and also, secondly, that the defendant, or some one, its officer or agent, had either actual or constructive notice of any defect in such guards aforesaid, which may have existed at the time of the accident, in time to have remedied the same before the accident, in the exercise of reasonable diligence ; and if the jury believe from the evidence that half an hour or thereabouts before said accident occurred the safeguards were such as required aforesaid, then the defendant is not chargeable with such constructive notice, as aforesaid, of any changed condition which made such guards defective and occasioned the accident complained of.”
This prayer contained two distinct propositions. The first is, that the jury must find not only that the excavation was not properly guarded at the time of the accident, but that the defendant had either actual or constructive notice of that state of things long enough before the accident to *568 enable it to remedy the defect. The second proposition is that if the jury should find that these guards were sufficient only half an hour before the accident then the notice required by the first proposition could not be imputed to the defendant. We think that the first proposition was too broad. It referred to whatever defect of protection existed at the time of the accident, without reference to the time of its origin, and required proof of actual or constructive notice of any such defect. Now, the evidence fairly raised the question whether the protections around this pit had at any time been sufficient; that is to say, whether they were made sufficient when the Heat and Power Company quit work that evening. If the jury' should find that the defect happened in that way, it would still have been obliged to apply this instruction, and must have considered whether there was proof that the defendant had actual or constructive notice of the defect so arising. In order to determine whether the defendant’s liability depended on its having-such notice, in that case we must consider its relation to the danger which called for protection.
The trenches for the Pleat and Power Company’s pipes, extending, as the record shows, through many streets, wei’e, of course, made under a permit of the District authorities. Before that time these streets were in safe condition for the use of pedestrians and others, and the defendant authorized their being put into an unsafe condition, with knowledge that the safe condition would require safeguards. In the next place, it knew what actually followed that permit. For weeks before the accident it knew that such guards had in fact been needed at various points along the line of the company’s trenches, and for at least a week that this particular pit existed and required protection. It would have been charged with notice that it had a duty to perform— the duty to see to it that safeguards wer-e provided — even if the trenches had been made without its authority; a fortiori it stood charged with notice of that duty when it had au *569 thorized the very danger which required safeguards. If it had notice of this duty, any failure to place or cause to be placed sufficient safeguards every evening, was its own dereliction. Of course its liability for such dereliction could not depend upon its having a still further notice, either actual or constructive, of its own default. Yet this is, in effect, precisely what the instruction asked by the defendant would have required, if we are right in holding that it included defective protection existing when work at this pit was suspended for the night.
We have not overlooked the defendant’s claim that the first part of 'the prayer which we have just considered did not contain a separate proposition. It was insisted at the argument that the object of the whole prayer was to present the question whether the lapse of only half an hour was enough to charge the defendant with constructive notice that a protection which was sufficient at the beginning of that time had afterwards become insufficient, and that a fair construction would limit the meaning of the first part of the prayer so as to refer it only to the special case supposed in the last. It is enough to say that, even if it could be shown by argumentation to have that meaning, and to be correct when so limited, it must nevertheless be refused, just because it was not plain to the jury on .its face and needed such argumentation.
We think there was no error in refusing the instruction asked, and therefore the judgment is affirmed.